CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 2 2006

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THEODORA CRAWFORD, | ) |
|    Petitioner, | )    Civil Action No. 7:06-cv-00085 |
| v. | )    **MEMORANDUM OPINION** |
| BARBARA J. WHEELER, WARDEN, | )    By: Hon. James C. Turk |
|    Respondent. | )    Senior United States District Judge |

Petitioner Theodora Crawford, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. Petitioner Crawford challenges the validity of her confinement upon the 2004 convictions entered against her by the Charlottesville Circuit Court for credit card theft and forgery. Crawford asserts that she is entitled to relief because her attorney "did not help her" or bring up the fact that Crawford was taking many medications for serious medical conditions. Crawford seeks an alternative to incarceration (home confinement, probation, family court) as she does not believe she can get adequate medical care in prison.[1] Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing §2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court

---

[1] Crawford has a 42 U.S.C. § 1983 civil rights case pending about her problems getting desired medical treatment in prison, Civil Action No. 7:06-cv-00061, although she needs to amend that action to name proper defendants under § 1983.

1

remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). An inmate like Crawford who is too late to appeal her conviction directly, may exhaust state court remedies in one of two ways. First, she can attack the conviction collaterally by filing a state habeas petition with the circuit court where she was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. In the alternative, she can file a state habeas petition directly with the Supreme Court of Virginia. Whichever route the inmate chooses to follow, it is clear that she ultimately must present her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them in a § 2254 petition.

In this case, the petition clearly shows that petitioner has not presented her current claims to any state court, let alone to the Supreme Court of Virginia as required. Writing to the Attorney General's office about her alternative sentence ideas does not satisfy the exhaustion requirement under § 2254(b). Petitioner's failure to exhaust her state court remedies mandates summary dismissal of his petition by this court.[2] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 2nd day of February, 2006.

Senior United States District Judge

---

[2] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).

2